LANCASTER FARMERS STATE BANK ET AL., APPELLEES, V. GEORGE R. BUCKNER, APPELLA'

FILED MAY 8, 1924. No. 22715.

1. **Guaranty: CONSTRUCTION.** The term "till maturity," when used in a contract guaranteeing a promissory note, means "at maturity," where that is the import of the context under circumstances showing that any other interpretation would make the guaranty inoperative.

2. ———: **DEFENSES: PROOF.** In an action on a contract guaranteeing payment of a promissory note at maturity, the defenses that plaintiffs did not exercise diligence in collecting from the original debtor the amount due from him and that timely notice of the latter's default was not given to guarantor, *held* not proved.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*John J. Ledwith* and *T. R. P. Stocker,* for appellant.

*Fred C. Foster, O. K. Perrin* and *S. M. Kier, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

ROSE, J.

This is an action to recover from the guarantor of a

promissory note the amount due thereon from the maker to the holder. The note was executed August 29, 1918, by Bartley McHugh, as maker, and contained a promise to pay the Farmers State Bank of Waverly $2,700 March 1, 1919. After the note was executed, but before it matured, the Lancaster County Bank acquired by purchase and consolidation the assets and banking business of the Farmers State Bank. The note was included in the transfer. The successor in the banking business and the holder of the note is a corporation called the "Lancaster Farmers State Bank," one of the plaintiffs. The only other plaintiff is Anton Sagl. He was formerly the managing officer of the Lancaster County Bank and represented it in the negotiations for the consolidation. Defendant is the guarantor, George R. Buckner, who, acting for himself and his banking associates, sold to the Lancaster County Bank the capital stock and the assets of the Farmers State Bank. In this transfer the note described, with others, was guaranteed by Buckner. The original debtor, McHugh, absconded without paying the note, and this is an action against Buckner as guarantor.

For the purposes of review the defenses pleaded may be outlined as follows: The execution, delivery and plaintiffs' ownership of the note were not denied, but the guaranty was a limited one which did not extend beyond the maturity of the note. Under the terms of the contract between the consolidating banks, plaintiffs were to collect the note from McHugh, the maker, when due March 1, 1919. The means for doing so consisted in plaintiffs' possession of a contract for the sale of a farm owned by McHugh and the right to take from the proceeds, which were to pass through plaintiffs' hands, the amount due on the note. McHugh had been the owner of the farm and in his contract to sell it he had agreed August 24, 1918, to deed it to Dennis W. Keleher and wife for $28,800. The purchasers paid $5,000 in cash and agreed to pay the remainder upon settlement in plaintiffs' bank March 1, 1919. McHugh agreed to pay the 2,700-dollar note out of the proceeds of his farm, but

plaintiffs did not exercise diligence and failed to exact payment in that manner, negligently relinquished the lien on the contract for the sale of the land and permitted McHugh to abscond with the remainder of the proceeds without paying the note guaranteed by defendant. Failure of plaintiffs to give notice of McHugh's default upon maturity of the note was also pleaded as a defense. This is a mere summary of the answer.

The district court made general findings in favor of plaintiffs and entered a judgment against defendant as guarantor for $3,521.06. Defendant has appealed.

The first question presented is the meaning of the term "till maturity" as those words are used in the guaranty. Defendant contends that the maturity of the note March 1, 1919, was the end of the period covered by his guaranty, and he treats it as a limited one. His position seems to be untenable when the contract as a whole is considered in connection with the surrounding circumstances and the understanding of the parties before any controversy arose. The guaranty was an integral part of the contract between the consolidating banks. For the purposes of consolidation the assets of the Farmers State Bank, including the note in controversy, were transferred to the Lancaster County Bank. Buckner, acting for himself and his banking associates, made the transfer, "Guaranteeing all notes * * * till maturity now on books." Considering the context and the purposes of the parties, "till" was used in the sense of "at." Payment of the notes at maturity was what Buckner guaranteed. No other interpretation is permissible. The transactions involved a large amount of money. In a business affair of such magnitude the parties contemplated an operative guaranty. That provision of the contract would be nugatory, if the guaranty did not extend beyond March 1, 1919, the date on which the note in suit matured. McHugh, the maker of the note, did not intend to pay his debt before maturity. According to the allegations of the answer he was to make payment at maturity March 1, 1919, out of the proceeds of

his farm, when his unpaid purchase money became available. There being no means or obligation to pay the note before maturity, a guaranty limited to that specific date would be inoperative. The proper inference from the evidence is that the parties understood that payment at maturity was guaranteed. Defendant, after maturity, paid without question other notes guaranteed by the same instrument. The district court, therefore, properly found that the guaranty was not limited in time to the date on which the note matured.

The evidence seems to be insufficient to prove the release of guarantor on the grounds that plaintiffs, for want of diligence, failed to collect the debt and negligently failed to give timely notice of the default. Defendant's bank lent to McHugh the money for which the note was given. The proofs tend to show that defendant, in transferring the note to plaintiffs, represented McHugh to be a man of integrity; that plaintiffs consequently trusted him as such, believing the proceeds of his farm would pass through their hands; that McHugh went to another bank to transfer the title to his farm; that he procured the remainder of the purchase price in currency without the knowledge of plaintiffs and absconded, leaving the note guaranteed by defendant unpaid. On the issue that timely notice of the default was not given there seems to be a failure of proof, under the circumstances.

No error has been found and the judgment is

AFFIRMED.

Note—See Guaranty, 28 C. J. p. 957, sec. 106; p. 1031, sec. 202.

